KARTSEN CATERING COMPANY, A MICHIGAN CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 18212. Promulgated October 25, 1949.

*Clarence A. Bradford, Esq.,* for the petitioner.
*Wesley A. Dierberger, Esq.,* for the respondent.

647

648

OPINION.

OPPER, *Judge*: If we disregard respondent's contentions that petitioner's claims for refund and relief under section 722 (b) (4) failed to acquaint him with the grounds of the claims as presently advanced, or the facts to support them,[1] *Blum Folding Paper Box Co.*, 4 T. C. 795; that petitioner's method of reconstructing a theoretical base period income fails to show that the single month chosen as a comparative was typical; or that the assumed increase in business could have been secured from competitors during the other months of the base period years, cf. *7-Up Fort Worth Co.*, 8 T. C. 52; if we lay to one side all these considerations, we are still met with the affirmative showing of the record that normal earnings were adequately reflected even after the business was moved and expanded in the last month or so of 1939.

The computation relied upon assumes that December 1939 profits furnish a typical average for petitioner's increased capacity, and that they can be projected back for reconstruction purposes. Granting this for the moment, it becomes necessary to determine what those profits actually were. Petitioner's book figures are the starting point. They are said to result in a net income for the month of December amounting to $2,914.28, which is then multiplied by 12 and adjusted for other years.

But, as our findings show, expenses for December are understated or income overstated in four unexplained respects if the theory of an average month of expanded operations is adhered to. "Management salaries" were understated by $580 (the difference between the book figure of $375 and one-twelfth of the annual total of $11,458); rent by $1,150 representing the excess of the new monthly rental, a net of $1,650, over the book deductions of $500; and liquor and beer costs by about $575, taking the preceding month as a guide. In addition an "inventory adjustment" increased the gross income for December by $888.61 when the total for the year was only about $1,600, one-twelfth of which would be about $133, an apparent overstatement of $755 or thereabouts.

These items total over $3,000, or more than enough to convert petitioner's apparent December profit into a slight loss—a result easily reconciled with the first month of operation in new quarters. But bearing in mind the admonition of section 722 (a) against resorting to "events or conditions" after that month, see *Lamar Creamery Co.*,

---

[1] Dismissal of the proceeding, if appropriate under the *Blum* case, would not be for jurisdictional reasons, but on the merits. *Samara* v. *United States* (C. C. A., 2d Cir.), 129 Fed. (2d) 594; certiorari denied, 317 U. S. 686. We are accordingly not compelled to consider that question independently of the other issues also dealing with the merits, the case having been heard *in extenso* without objection by respondent. Cf. *Herbert Brush Mfg. Co.*, 22 B. T. A. 646.

8 T. C. 928, nothing is left upon which to support a finding that the invested capital credit allowed by respondent has resulted "in an excessive and discriminatory tax" on petitioner's earnings, even in its new establishment.   Cf. *East Texas Motor Freight Lines*, 7 T. C. 579; *Lamar Creamery Co., supra.*

The denial of petitioner's claim for relief under section 722 was accordingly warranted and must be approved.

Reviewed by the Special Division.

*Decision will be entered for the respondent.*